UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

VIVIAN JOYCE BIELSKI,

    Debtor
_____

CLINTON C. WYNN,

    Appellant,

v.

VIVIAN JOYCE BIELSKI,

    Appellee.
_____/

Bankruptcy Case No: 8:17-bk-469 MGW

Civil Case No. 8:19-cv-621-T-24

## ORDER

This cause comes before the Court on Appellee's Motion for Attorneys' Fees. (Doc. No. 33, 34). Appellant opposes the motion. (Doc. No. 36). As explained below, the motion is granted to the extent that the Court finds that Appellee is entitled to an award of attorneys' fees for the time expended on this appeal.

This case involves an appeal of a bankruptcy court order on Appellant Wynn's motion to vacate or enforce the parties' prior settlement agreement. The bankruptcy court did not vacate the settlement agreement; instead, the bankruptcy court provided guidance to the parties for complying with the settlement agreement. In the same bankruptcy case, Appellee sought an award of attorneys' fees based on a prevailing party attorney fee provision in the parties'

1

settlement agreement. The bankruptcy court denied Appellee's motion for attorneys' fees, finding that there was no prevailing party because both parties benefitted from the bankruptcy court's ruling and both parties received some, but not all, of the relief they sought.

In this case, Appellant Wynn appealed the bankruptcy court's order on his motion to vacate or enforce the parties' settlement agreement. In a related appeal, Appellee Bielski appealed the bankruptcy court's denial of her motion for attorneys' fees.

In this appeal, this Court affirmed the bankruptcy court's order on Appellant's motion to vacate or enforce the parties' settlement agreement. Appellant asked this Court to vacate the settlement agreement or require Appellee to take certain actions that the bankruptcy court found she was not required to undertake. This Court affirmed the bankruptcy court's order in its entirety, thus denying Appellant all of the affirmative relief that he sought. Thus, Appellee is the prevailing party in this appeal.

The settlement agreement provides the following: "Should legal action be required to enforce this settlement agreement, the prevailing party shall be entitled to be paid its reasonable attorney's fee and court costs incurred in enforcing the terms of this settlement agreement." (Doc. No. 4-52, p. 6 of 9). In this case, the bankruptcy court clarified how the parties could comply with the settlement agreement, and Appellant disagreed with the bankruptcy court's decision and appealed to this Court seeking affirmative relief. While both parties may have benefitted in the bankruptcy court from the bankruptcy court's decision, only Appellee benefitted from this Court's decision on Appellant Wynn's appeal. Thus, Appellee's status as the prevailing party in this appeal is not affected by the bankruptcy court's finding that neither party

prevailed in the underlying bankruptcy court trial.

Because this Court finds that Appellee is the prevailing party in this case, and because the settlement agreement provides for an award of attorneys' fees for the prevailing party, this Court finds that Appellee is entitled to an award of attorneys' fees for work done on this appeal. Therefore, Appellee must file a motion for attorneys' fees with billing records that sets forth the amount of time spent, explains how the time was spent, and sets forth the attorneys' billing rates.

Accordingly, it is ORDERED AND ADJUDGED that Appellee's Motion for Attorneys' Fees (Doc. No. 33, 34) is **GRANTED** to the extent that this Court finds that Appellee is entitled to an award of attorneys' fees for time expended on this appeal. Appellee is directed to file a motion for attorneys' fees by *January 24, 2020*.

**DONE AND ORDERED** at Tampa, Florida, this 8th day of January, 2020.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record